UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MARK ALLISON,<br><br>        Plaintiff,<br><br>v.<br><br>AMERICAN MANAGEMENT INVESTMENTS, LLC,<br><br>        Defendant. | Case No. 2:15-cv-02335-APG-VCF<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>(ECF No. 9) |

Mark Allison is a "tester" plaintiff who visits businesses throughout Southern Nevada to determine whether they are compliant with the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 et seq. and N.R.S. § 651.070, et seq. ECF No. 2 at 2. He alleges that he visited a "facility" on South Jones Boulevard that was ADA noncompliant and that he intends to return to the "facility" in the future. *Id.* at ¶¶ 11, 13–15. He seeks compensatory damages and injunctive relief. The defendant moves to dismiss, arguing that Allison failed to plausibly allege an imminent injury-in-fact and, therefore, this Court lacks subject-matter jurisdiction. I agree and grant the defendant's motion to dismiss.

I. **ANALYSIS**

Article III of the U.S. Constitution confines the federal judicial power to actual "cases or controversies." U.S. Const. art. III § 2; *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). This means litigants must suffer, or be threatened with, an actual injury traceable to the defendant's actions, and that the federal court must be able to grant effectual relief. *See Spokeo, Inc. v. Robins*, \_\_\_ U.S. \_\_\_\_, 136 S.Ct. 1540, 1547 (2016). The case-or-controversy requirement must be satisfied at every stage of judicial proceedings. *Lewis*, 494 U.S. at 477. If it is not, the federal court lacks the power to adjudicate the case and must dismiss for lack of subject-matter jurisdiction. *See Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 239–40 (1937).

Plaintiffs bear the burden of establishing subject-matter jurisdiction, including their own standing to sue. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–561 (1992). At the pleading stage, the allegations pertaining to subject-matter jurisdiction must be plausible. *Leite v. Crane Co.*, 749 F.3d 1117, 1121–22 (9th Cir. 2014) (applying *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) to Rule 8(a)(1) allegations). Additionally, a plaintiff seeking prospective relief must allege that he suffers from a continuing injury or be under a real and immediate threat of being injured in the future. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 101–02, 107 n. 8 (1983). The threatened injury must be "certainly impending" and not merely speculative, contingent, or based on conjecture that the plaintiff may "someday" be harmed. *See Laidlaw*, 528 U.S. at 190.

The defendant moves to dismiss, arguing that Allison lacks standing because his complaint does not plausibly allege that he intends to return to the facility. Allison responds that the defendant's motion presents matters beyond the pleadings, fails to comply with the local rules, and that he plausibly pleaded standing because "testers" have standing to sue under the ADA. Because the defendant's motion to dismiss included as an exhibit a newspaper article that discusses ADA-tester suits, I exclude it from my review under Rule 12(d) and treat the defendant's motion as a motion to dismiss. This renders Allison's assertion that the defendant failed to comply with Local Rule 56-1 moot and brings me to the heart of the parties' disagreement: whether Allison adequately alleged standing.

In *Pickern v. Holiday Quality Foods, Inc.*, the Ninth Circuit considered whether a plaintiff had standing to seek injunctive relief under the ADA. 293 F.3d 1133 (9th Cir. 2002). In that case, the plaintiff (Jerry Doran) sued a grocery store (Holiday Quality Foods) located in Paradise, California, for non-compliance with the ADA. *Id.* at 1135. Doran lived in Cottonwood, California, approximately 70 miles from the Holiday store in Paradise, but his grandmother lived in Paradise and he visited his grandmother almost every Sunday. *Id.* Doran stated in a declaration: "My favorite grocery store chain is the Holiday Foods grocery stores. When I need to buy groceries, I look first to Holiday Foods grocery stores." *Id.* He additionally stated that he would like to patronize the Paradise store when he visits his grandmother, but is deterred from

doing so by the store's allegedly unlawful barriers. *Id.* The Ninth Circuit held:

> [A] disabled individual who is currently deterred from patronizing a public accommodation due to a defendant's failure to comply with the ADA has suffered "actual injury." Similarly, a plaintiff who is threatened with harm in the future because of existing or imminently threatened non-compliance with the ADA suffers "imminent injury."

*Id.* at 1138. The Ninth Circuit held that Doran had standing because he presented evidence that "he visited Holiday's Paradise store in the past and states that he has actual knowledge of the barriers to access at that store. Doran also states that he prefers to shop at Holiday markets and that he would shop at the Paradise market if it were accessible." *Id.*; *see also Molski v. Price*, 224 F.R.D. 479, 483 (C.D. Cal. 2004) (stating that *Pickern* stands for the rule that "in order to have standing to seek injunctive relief, an ADA plaintiff must establish that he has knowledge of architectural barriers at a place of public accommodation, and that he intends to return to the public accommodation if it is made accessible").

Allison's complaint does not plausibly allege that he has actual knowledge of the noncompliant barriers, intends to return to the facility in the future, and is deterred from patronizing the facility in the future. Plaintiff nakedly alleges that he "intends to visit the Facility again in the near future in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at this Facility, but will be unable to do so because of Plaintiff's disability due to the physical barriers to access, dangerous conditions and ADA violations that exist at the property. . . ." ECF No. 2 at ¶ 15. He does not allege the type of business that occurs at the "facility," his past patronage of the facility, the facility's proximity to his residence or place of business, or why he would intend to visit it again. Allison's allegations are merely "threadbare recitals" of the elements of an ADA claim, which are insufficient to plausibly show standing under the ADA. *See Iqbal*, 556 U.S. at 663; *Laidlaw*, 528 U.S. at 190 (stating that "someday" intentions are insufficient for standing purposes); *see also Tandy v. City of Wichita*, 380 F.3d 1277, 1288 (10th Cir. 2004) (expressed desire or mere allegation is insufficient to show standing under the ADA).

////

Because Allison lacks standing to assert his federal claim, I dismiss it. And because he offers no reason why I should retain jurisdiction over his state-law claim, I decline to exercise supplemental jurisdiction over it. *See* 28 U.S.C. 1367(c). The defendant's motion to dismiss is therefore granted.

Because I am dismissing the complaint as insufficient under *Iqbal*, it may be possible for Allison to plead facts demonstrating that he has standing to maintain his claims. Therefore, I will grant Allison's request for leave to amend his complaint if sufficient facts exist to prove standing.

## II.  CONCLUSION

IT IS THEREFORE ORDERED that defendant American Management Investment's motion to dismiss **(ECF No. 9) is GRANTED** and complaint **(ECF No. 2) is DISMISSED** without prejudice. Allison may file an amended complaint within 14 days of entry of this order if sufficient facts exist to cure the deficiencies pointed out in this order.

DATED this 1st day of September, 2016.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE